IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                                            CRIMINAL ACTION NO. 3:07-00034-03

BRYANT HOLLOWAY
    also known as "BU"

**MEMORANDUM OPINION AND ORDER**

Pending is Bryant. Holloway's Motion for Modification of Term of Imprisonment (Doc. 506) for the reasons explained below, the motion is **DENIED**.

Through his motion, Mr. Holloway requests the Court reduce his term of imprisonment. His principle argument for reduction is based on the disparity between crack and powder cocaine sentencing. In making this argument, however, he brings up a related but separate issue. Mr. Holloway argues, pursuant to *U.S. v. Brisbane,* 367 F.3d 910 (D.C. Cir. 2004), that the government failed to prove the substance he distributed was "cocaine base" within the meaning of the Anti-Drug Abuse Act of 1986.

The *Brisbane* decision, is the D.C. Circuit Court of Appeals's current contribution to an active discussion in the appellate court system regarding the meaning of "cocaine base" in Title 18 of the United States Code. *See U.S. v. Higgins,* 557 F.3d 381 (6th Cir. 2009) (describing the current state of affairs). While some circuit courts of appeal confine the meaning of cocaine base to "crack" others, including the Fourth Circuit Court of Appeals, find the statutory language more encompassing. *Id.* at 395-95; *see also, United States v. Ramos*, 462 F.3d 329 (4th Cir. 2006) (explaining that in the Fourth Circuit cocaine base is not limited simply to "crack").

The problem with the term "cocaine base" that it is perceived by some courts to be an imprecise descriptor, based on the chemical composition of various forms of cocaine. This is because cocaine in its natural form is an alkaloid – in other words a "base." *Higgins*, 557 F.3d at 392-93. Every one of the circuits to examine the issue have concluded, however, that Congress clearly meant to punish "crack" cocaine more harshly than powder cocaine. *United States v. Medina*, 427 F.3d 88, 92 (1st Cir.2005); *United States v. Fields*, 113 F.3d 313, 325 (2d Cir.1997); *United States v. Barbosa,* 271 F.3d 438, 466-67 (3d Cir.2001); *United States v. Ramos*, 462 F.3d 329, 333-34 (4th Cir.2006); *United States v. Butler*, 988 F.2d 537, 543 (5th Cir.1993); *United States v. Higgins,* 557 F.3d 381 (6th Cir. 2009); *United States v. Edwards*, 397 F.3d 570, 577 (7th Cir.2005); *United States v. Hollis*, 490 F.3d 1149, 1155 (9th Cir.2007); *United States v. Easter*, 981 F.2d 1549, 1558 (10th Cir.1992); *United States v. Munoz-Realpe*, 21 F.3d 375, 376-77 (11th Cir.1994). In the instant case, Mr. Holloway admitted to and pled guilty to the charge of distributing "50 grams of cocaine base, also known as 'crack.'" *See* November 8, 2007 Letter Form Plea Agreement, Doc. 346. Because he pled guilty to this charge, did not submit the government to its burden to prove the substance he distributed was crack (or another form of cocaine base within the meaning of the statute), and did not make any argument that the controlled substance at the center of his charge was anything other than crack, he cannot now argue that he distributed anything other than cocaine base within the meaning of the statute.[1] His argument made pursuant to *Brisbane* must fail.

---

[1] Mr. Holloway did not appeal this issue and waived his right to collateral attack in his plea agreement. *See* November 8, 2007 Letter Form Plea Agreement, Doc. 346.

Mr. Holloway's principal argument is based on the sentencing disparities between cocaine powder and cocaine base as recognized by the U.S. Sentencing Commission and the U.S. Supreme Court. *See,* U.S.S.G. App. C, Amend. 706 (Supp. 2007); *see also, Kimbrough v. U.S.* 552 U.S. 85 (2007). Holloway argues that 18 U.S.C. § 3582(b)(2) provides authority for his Court to modify his sentence as a result of the Sentencing Commission's reduced guideline range for crack cocaine offenses.

Pursuant to 18 U.S.C. § 3582 a sentence may be modified only, 1) upon a motion by the Director of the Bureau of Prisons; 2) when the U.S. Sentencing Commission lowers the applicable sentencing guideline range; or 3) when otherwise permitted by Rule 35 of the Federal Rules of Criminal Procedure or a federal statute. Mr. Holloway's argument fails because he was sentenced *after* the relevant sentencing guidelines for crack cocaine offenses were lowered. *See* U.S.S.G. App. C, Amend. 706 (Supp. 2007)**.** Mr. Holloway was sentenced on February 12, 2008, three months after the reduced guidelines became effective. There has been no subsequent lowering of the applicable sentencing guideline range. Consequently, 18 U.S.C. § 3583(b)(2) does not provide this court with the authority to modify his sentence.

The Court was also well aware of the U.S. Supreme Court's decision in *Kimbrough* at the time of Mr. Holloway's sentencing. The *Kimbrough*, decision was issued on December 10, 2007, approximately one month prior to Mr. Holloway's sentencing hearing. The Court was familiar with the Supreme Court's reasoning as well as this Court's ability to vary from a guideline range sentence based on its disagreement with the crack/powder disparity. At Mr. Holloway's sentencing the Court took into consideration both the recommended guideline range and each of the factors listed in 18 U.S.C. § 3553. The Court stands by the sentence imposed.

In conclusion, the Court finds no basis on which it would be permitted or could be persuaded to reduce Mr. Holloway's sentence. He chose not to put the government to its burden of proving the nature of the controlled substance he distributed and, indeed, admitted that it was "cocaine base, also known as 'crack.'" He has already received the benefit of a reduced sentence pursuant to a guideline amendment recognizing the disparate treatment of crack and powder cocaine offenders. At the time of Mr. Holloway's sentencing, this Court was well aware of its ability to vary from a guideline range, as described by the U.S. Supreme Court in *Kimbrough*. It chose not to vary but did give Mr. Holloway the benefit of a sentence at the low end of the recommended guideline range. For these reasons, Mr. Holloway's motion is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel and the defendant, the U.S. Attorney's Office, the U.S. Probation Office, and the U.S. Marshals' Service.

        ENTER:     November 12, 2009

        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE